### SMITH v. ROUECHE. *
### No. 14608.

Court of Appeal of Louisiana. Orleans.
March 26, 1934.

speed of the automobile was "in excess of fifty miles an hour," and that "it was reckless to maintain" such a speed "at the place of the accident on account of the narrowness of the road and the railing paralleling it on each side." Plaintiff further avers that defendant was careless "in not holding the wheel secure."

In his answer defendant admits the occurrence of the accident, but denies that he was in any way at fault, asserting that the car, at the time, was being driven carefully, at a moderate, reasonable speed, and that, though there was nothing in the appearance of the surface of the roadway or of the bridge to indicate that there was danger, when the car reached the bridge its front wheels suddenly and unexpectedly slid or skidded to the right, and that, when he atempted to turn the front wheels to the left, in an effort to overcome the effect of the first skid, the car, because of the slippery condition of the bridge, became unmanageable and skidded to the left and crashed through the rail and fell to the ground below.

From a judgment dismissing her suit, plaintiff has appealed.

 Defendant had driven a party of friends, composed of plaintiff and others. from New Orleans to Bay St. Louis, Miss., and it was on the return trip that the accident occurred. The bridge from which the car skidded was on straight road, but was near a turn known as the "Wye," and was some twenty-five or thirty miles from Bay St. Louis.

Plaintiff attempted to prove that defendant, just before he lost control of the car, had taken one hand from the wheel and was attempting to adjust one of the windows, and that while he was so engaged, with his attention diverted from the management of the car, it struck a guard post on the right side of the road, and that then defendant, in an effort to turn the car away from the guard post, pulled the wheel too hard and at the same time accelerated the speed, with the result that instantaneously the car crossed the road and dashed off the other side of the bridge. Such evidence as plaintiff offered to support this theory is completely overcome by the testimony to the contrary, and we experience no difficulty in reaching the conclusion to which our brother below came, and which conclusion he expressed in the following language: "I do not believe, from the facts of this case, that the automobile

Habans & Coleman and A. I. Kleinfeldt, all of New Orleans, for appellant.

William H. Talbot, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff received personal injuries when the automobile in which she was riding as a guest passenger of defendant, who owned, and was at the time operating, the car, "skidded" across the road, crashed through the wooden rail of a bridge, and fell to the ground some ten or twelve feet below.

Charging that the accident resulted from defendant's negligent operation of the car, plaintiff seeks to hold him liable and to recover from him the sum of $25,000. She charges that at the time of the accident the

\* ╷ \* \* collided with any post on the right-hand side of the roadway prior to entering the roadway of the bridge."

We further conclude that there was nothing alarming or even unusual in the action of the car until its front wheels reached the bridge.

■■ We further find that there is no evidence to support the charge that the speed of the car was excessive. On the contrary, all the witnesses agree that it was traveling at about twenty-five miles per hour, and, although some state that, at different times during the trip to Bay St. Louis and during the return, it had exceeded that rate, they all agree that whenever asked to do so Roueche promptly slowed down.

The roadway was surfaced with what is known as "black top," and was some twenty feet or more in width. There were no other vehicles in the immediate vicinity. It is true that the bridge was some three feet narrower than the road, but even on the bridge there was ample room, and we feel that a speed of twenty-five miles per hour at such a point in the daytime and where there is no traffic congestion is not in itself unreasonably great.

■ It is conceded that "black top" is a highly abrasive surface, and that on it there is ordinarily less danger of skidding than on a concrete or asphalt roadway. Therefore, since the surface of the road gave no indication of a condition in any way different from what might be expected on such a surface, defendant was not at fault in not anticipating that it was slippery, even though there was nearby a sign indicating that caution should be exercised on that portion of the roadway. The sign plainly referred, not to the condition of the surface of the road, but to the fact that the road was constructed on a very high "fill," and that, in the event an automobile should slip from the road, serious consequences might result.

■ Usually a skid and a resulting accident indicate lack of attention on the part of the driver, but this court and others have recognized the possibility that skidding may occur

without fault and have followed the rule that, where it does so occur, there is no liability, even though damage results.

In Monroe v. D'Aunoy (La. App.) 143 So. 716, 720, is found such a case. There the speed of defendant's car was reasonable and there was nothing in the surface of the roadway to indicate its true condition. A road machine had dragged loose gravel to the center of the roadway and had deposited this loose gravel in ruts in a way which filled them and gave the road the appearance of smoothness and solidity. As defendant drove his car from one side of the road to the other, which he was justified in doing at that point, the wheel struck this soft yielding surface and the car skidded with disastrous results. We said: "In the instant case defendant had furnished a car which had been completely inspected and adjusted; he had equipped it with new tires; he was driving it at a very reasonable speed; he was exercising all usual and ordinary care; and he should not be held liable under such circumstances when by reason of conditions of which he could not have been aware an accident occurred."

■ There is no necessity of our repeating here the many citations which we set forth in that case. Those references show plainly that the predominant rule is that "the gratuitous driver, not being an insurer of the safety of his guest, is not liable for accident resulting from latent defects in the roadway."

Rain either was falling or had fallen shortly prior to the accident. This no doubt was the cause of the slippery condition of the roadway. Though we think that Roueche should plainly have seen that the road was wet, the evidence leaves no doubt that there was nothing else in the condition of the road to indicate danger. There was, therefore, nothing to lead him to the conclusion that the speed at which he was traveling was too great.

Since we find no fault in defendant, the judgment appealed from is affirmed.

Affirmed.